IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 117-002 |
| | ) | |
| RICKEY WAYNE NORTON | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Rickey Wayne Norton is charged, along with his co-Defendant Shannon Norton, with one count of possession with intent to distribute methamphetamine and a related conspiracy. With the filing of a Joint Status Report, the parties notified the Court only a particularized motion to suppress remains at issue concerning whether probable cause supported a state search warrant. (Doc. no. 70.) Having considered all arguments and evidence submitted by the parties, the Court **REPORTS** and **RECOMMENDS** the motion be **DENIED** without an evidentiary hearing.

**I.     NO NEED FOR EVIDENTIARY HEARING**

The Court finds no reason for holding an evidentiary hearing. The decision to grant or deny a request for an evidentiary hearing on a motion to suppress is left to the Court's discretion. United States v. Cooper, 203 F.3d 1279, 1285 (11th Cir. 2000); United States v. Sneed, 732 F.2d 886, 888 (11th Cir. 1984). "[A] criminal defendant has no absolute or presumptive right to insist that the district court take testimony on every motion." United States v. Lewis, 40 F.3d 1325, 1332 (1st Cir. 1994) (affirming denial of a motion for

evidentiary hearing on motion to suppress) (citation omitted).  Thus, the burden is upon the defendant to allege facts that would, if proven true, entitle him to relief.  United States v. Richardson, 764 F.2d 1514, 1527 (11th Cir. 1985).  A district court should grant a request for an evidentiary hearing when the moving papers, including the affidavits, are "sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented."  Id. (citations omitted).

As discussed in detail below, the facts alleged in the instant motion, even if proven, would not entitle Defendant to relief, and the moving papers fail to establish that a substantial claim is presented.  Therefore, Defendant is not entitled to an evidentiary hearing on his motion to suppress.

## II.    FACTS

On July 31, 2016, Investigator George Lee of the Columbia County Sheriff's Office Vice and Narcotics Unit appeared before a Columbia County Magistrate Judge seeking a search warrant for the residence and curtilage of 528 Marble Falls in Grovetown, Georgia, as well as for all persons and vehicles present during the execution of the warrant.  (Doc. no. 70-1; doc. no. 73-1.)  In support of his request for a warrant to search for methamphetamine and items related to the distribution of methamphetamine, Investigator Lee averred the following to establish probable cause:

> Within the past several months, this affiant received information that Shannon Norton and Ricky Norton were selling trafficking amounts of methamphetamine from their residence at 528 Marble Falls.  This affiant conducted surveillance in an attempt to substantiate the complaint and observed multiple vehicles arrive, remain a short time, and then leave the residence.  The traffic I observed was consistent with drug sales and distribution[.]

> Within the past 72 hours, Investigator Cowell and this affiant met with the CI at a pre-arranged meeting location.  The CI stated he/she could go to 528 Marble Falls and buy methamphetamine at any time.  Investigator Cowell and this affiant conducted a search of the CI's person and vehicle for monies, weapons and illegal contraband which met with negative results.  The CI was provided an amount of prerecorded Official Government Funds.  Investigator Cowell and this affiant followed the CI directly to 528 Marble Falls and conducted surveillance.  SSGT Williamson observed the CI enter the residence at 528 Marble Falls where the CI purchased an amount of methamphetamine.  A short time later, SSGT Williamson observed the CI exit the residence at 528 Marble Falls and go directly back to his/her vehicle.  This affiant and Investigator Cowell followed the CI directly back to a pre-arranged meeting location.  The CI relinquished an amount of methamphetamine to this affiant.  This affiant field tested the methamphetamine using the Nark II Reagent with positive results.  Investigator Danko conducted a post search of the CI and his/her vehicle for monies, weapons and illegal contraband which met with negative results.

(Doc. no. 70-1, p. 1; doc. no. 73-1, p. 1.)

Investigator Lee also averred a criminal history check for Shannon Norton revealed four prior arrests for drug related offenses, three of which specifically involved methamphetamine.  (Doc. no. 70-1, p. 1; doc. no. 73-1, p. 1.)  A criminal history check for Defendant revealed eight prior arrests for drug related offenses, three of which specifically involved methamphetamine.  (Doc. no. 70-1, pp. 1-2; doc. no. 73-1, pp. 1-2.)

The Columbia County Magistrate Judge issued the requested warrant at 3:30 p.m. on July 31, 2016.  (Doc. no. 70-1, p. 3; doc. no. 73-1, p. 3.).  Officers with the Vice and Narcotics Unit, including Investigator Lee, executed the warrant on August 3, 2016, locating Defendant and Shannon Norton, along with five other individuals, in the residence.  (Doc. no. 70-2, p. 2.)  The summary and supplemental incident reports created after the execution of the warrant described the numerous drugs (including methamphetamine) in various forms, as well as drug paraphernalia and currency seized, from the residence.  (Id. at 1-4.)  The

reports also chronicled a "small portion" of the text messages related to drug activity recovered from the cellular phones belonging to Defendant and Shannon Norton. (Id. at 5-7.)

## III. DISCUSSION

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. Thus, a search warrant must: (1) be based on probable cause; (2) be supported by a sworn affidavit; (3) particularly describe the place to be searched; and (4) particularly describe the items to be seized. See id.; United States v. Carson, 520 F. App'x 874, 888 (11th Cir. 2013).

Defendant moves to suppress evidence obtained during a court-authorized search of his residence, 528 Marble Falls, Grovetown, Georgia, arguing "there was no probable cause for believing the existence of the grounds on which the warrant was issued." (Doc. no. 70, p. 1.) Additionally, Defendant contends the affidavit in support of the challenged search warrant does not establish a sufficient nexus between any criminal conduct and his residence. (Id. at 3.) As explained in detail below, Defendant's arguments are without merit.

### A. The Standard for Evaluating Probable Cause

In deciding whether to sign a search warrant, the issuing judge must make a "practical, common sense decision" whether, given all the information in the supporting affidavit, "there is a fair probability that contraband or evidence of a crime will be found in a

4

particular place." United States v. Jiminez, 224 F.3d 1243, 1248 (11th Cir. 2000) (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)). "[P]robable cause is a fluid concept – turning on the assessment of probabilities in particular factual contexts[.]" United States v. Brundidge, 170 F.3d 1350, 1352 (11th Cir. 1999) (quoting Gates, 462 U.S. at 232). The validity of the warrant is evaluated based on the totality of the circumstances. See id.; see also United States v. Flowers, 531 F. App'x 975, 981 (11th Cir. 2013) ("Probable cause to support a search warrant exists when the totality of the circumstances allow a conclusion that there is a fair probability of finding contraband or evidence at a particular location.").

Moreover, concerning use of a confidential informant (CI) to establish probable cause, the CI's veracity and basis of knowledge are relevant considerations, though not independent essential elements, in assessing whether probable cause exists to support a search warrant. Gates, 462 U.S. at 233 ("[T]hey are better understood as relevant considerations in the totality-of-the-circumstances analysis that traditionally has guided probable cause determinations: a deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability."). Similarly, independent corroboration of a CI's information is not an essential requirement, but instead a relevant consideration in the Court's probable cause analysis. Brundidge, 170 F.3d at 1353 ("[I]ndependent police corroboration has never been treated as a requirement in each and every case."); see also United States v. Martin, 297 F.3d 1308, 1314 (11th Cir. 2002) ("[W]hen there is sufficient independent corroboration of an informant's information, there is no need to establish the veracity of the informant.").

Also, the affidavit in support of the search warrant application "should establish a connection between the defendant and the residence to be searched and a link between the residence and any criminal activity." United States v. Mitchell, 503 F. App'x 751, 754 (11th Cir. 2013) (citing Martin, 297 F.3d at 1314.)  As to providing the nexus between the items being sought and the residence of a defendant, "the affidavit must supply the authorizing magistrate with a reasonable basis for concluding that Defendant might keep evidence of his crimes at his home, i.e., a 'safe yet accessible place.'" United States v. Kapordelis, 569 F.3d 1291, 1310 (11th Cir. 2009) (quoting United States v. Feliz, 182 F.3d 82, 87-88 (1st Cir. 1999)).  The court in Kapordelis further stated:

> The justification for allowing a search of a person's residence when that person is suspected of criminal activity is the common-sense realization that one tends to conceal fruits and instrumentalities of a crime in a place to which easy access may be had and in which privacy is nevertheless maintained.  In normal situations, few places are more convenient than one's residence for use in planning and hiding fruits of a crime.

Id. (quoting United States v. Green, 634 F.2d 222, 226 (5th Cir. 1981)); see also United States v. Anton, 546 F.3d 1355, 1358 (11th Cir. 2008) (holding that evidence of defendant possessing contraband of type normally expected to be hidden in residence will support search).

In the Eleventh Circuit, a court reviewing the decision of a judicial officer concerning the existence of probable cause gives "great deference" to that determination. United States v. Bradley, 644 F.3d 1213, 1263 (11th Cir. 2011) (citing Brundidge, 170 F.3d at 1352). Thus, "the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial

basis for . . . conclud[ing]' that probable cause existed." Cauchon v. United States, 824 F.2d 908, 911-12 (11th Cir. 1987) (citing Gates, 462 U.S. at 238-39).

### B. Investigator Lee's Information in the Affidavit and Application for a Search Warrant Established Probable Cause to Believe Methamphetamine and Other Items Associated with Illegal Drug Distribution Would Be Found at Defendant's Residence.

Upon examination of the totality of the circumstances, the Court concludes the Affidavit and Application for a Search Warrant provided a substantial basis for the Magistrate Judge's finding of probable cause that (1) Defendant was involved in the illegal distribution of drugs; and (2) the fruits of that illegal activity would be found by searching the residence at 528 Marble Falls. First, the application states Investigator Lee had received information Defendant was trafficking amounts of methamphetamine at 528 Marble Falls, and Investigator Lee conducted surveillance in which he "observed multiple vehicles arrive, remain a short time, and then leave the residence." (Doc. no. 70-1, p. 1.) As Investigator Lee wrote in the Warrant Application, such activity is "consistent with drug sales and distribution." Id.; see United States v. Powell, 222 F.3d 913, 915-18 (11th Cir. 2000) (finding repeated, short visits and swift departures from residence indicative of drug activity).

Second, the application described a CI making a drug purchase from the residence within the seventy-two hours prior to seeking the warrant. The description of the CI purchase was sufficient even if it did not offer specific facts of the CI's reliability and trustworthiness because under a totality of circumstances analysis, other information in the warrant sufficiently corroborated the CI's information. See United States v. Foree, 43 F.3d

1572, 1575-76 (11th Cir. 1995) (recognizing corroborating information in the form of independent confirmation of substance of CI report or creating controlled circumstances whereby lie would be easily discovered by law enforcement can compensate for limited information in affidavit about CI's veracity and basis of knowledge); see also United States v. Martin, 615 F.2d 318, 324 (5th Cir. 1980)[1] (acknowledging warrant affidavits may not always be able to affirmatively allege reliability of informants but recognizing "several judicially-recognized methods of establishing the credibility of an informant and the reliability of his information"). The CI's information that he/she could buy methamphetamine at any time from 528 Marble Falls was corroborated by (1) the independent surveillance by Investigator Lee of traffic at the residence consistent with drug trafficking activity; and (2) the circumstances of the controlled purchase by the CI at the residence, acting under the direction and supervision of law enforcement officers. This information is properly considered together as part of the overall evaluation of probable cause. See Gates, 462 U.S. at 233; Martin, 297 F.3d at 1314; Brundidge, 170 F.3d at 1352.

As to establishing a nexus to 528 Marble Falls, Investigator Lee observed traffic at the residence consistent with drug trafficking activity, and the CI obtained methamphetamine at the residence while under direction and supervision of law enforcement officers. In addition, the location was identified as the residence of two individuals with multiple arrests for drug-related offenses. See United States v. Farese, 612 F.2d 1376, 1379 n.5 (5th Cir.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

1980) (citing United States v. Harris, 403 U.S. 573, 583 (1971)) (recognizing criminal record may be considered in assessing probable cause).  Together, all of these circumstances provided the issuing judicial officer with a reasonable basis for concluding the instruments of drug trafficking would be kept at Defendant's residence.  See Kapordelis, 569 F.3d at 1310; United States v. Wells, CR 305-006, 2005 WL 2237630, at *2 (S.D. Ga. Aug. 19, 2005) ("There is no stronger evidence that the defendant was storing and selling cocaine from his residence and the residence across the street than a controlled purchase of cocaine from the defendant at the location of the search warrants."), *adopted by* CR 305-006, doc. no. 19 (S.D. Ga. Sept. 12, 2005) (Bowen, J.).

In sum, Investigator Lee's Affidavit and Application for a Search Warrant provided a substantial basis for the Magistrate Judge's determination of a fair probability that evidence of drug trafficking would be found at Defendant's residence, 528 Marble Falls.  The information provided to the Magistrate Judge is more than sufficient to satisfy the Fourth Amendment's requirement of probable cause.

**C.    Even If Probable Cause Did Not Exist to Support Issuance of the Warrant, the Leon Good Faith Exception Applies.**

Even if the Court were to conclude probable cause did not support the warrant, an untenable position in light of all the information discussed above, the good faith exception to the exclusionary rule applies under United States v. Leon, 468 U.S. 897 (1984).

The judicially created remedy known as the exclusionary rule acts as a deterrent to violating the Fourth Amendment by preventing the use of evidence seized as a result of an illegal search.  Martin, 297 F.3d at 1312.  However, under Leon, the good faith exception

allows the introduction of evidence in the prosecution's case in chief that is "seized by officers reasonably relying on a warrant issued by a detached and neutral magistrate." Leon, 468 U.S. at 913.  The Leon Court explained that the good faith exception to the exclusionary rule was appropriate because "the exclusionary rule is designed to deter police misconduct rather than to punish the errors of judges and magistrates." Id. at 916.  Thus, under Leon, the question becomes whether the officers executing the warrant reasonably relied on the issuing Magistrate Judge's determination of probable cause.  See id. at 913; see also United States v. Herring, 492 F.3d 1212, 1215 (11th Cir. 2007) ("[T]he exclusionary rule does not bar the use of evidence obtained by officers acting in good faith reliance on a warrant which is later found not to be supported by probable cause.").

Under Leon, there are four scenarios under which the good faith exception to the exclusionary rule would not apply.  The exception does not apply where the judge issuing the warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth. Leon, 468 U.S. at 923. Nor does the exception apply in cases where the issuing judge "wholly abandoned" his or her detached and neutral judicial role such that no reasonably well trained officer would rely on the warrant.  Id.  The warrant must not be based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," and the warrant must not be so "facially deficient" that the executing officers could not reasonably presume it was valid. Id.

Here, Defendant has not identified any exception to invalidate application of the good faith exception.  There is no suggestion or evidence false information was provided or the

issuing Magistrate Judge "wholly abandoned" a detached and neutral role in issuing the warrant.  As discussed above, the warrant application provided abundant information establishing probable cause.  And the warrant is not so facially deficient in any respect, and especially with regard to the issue of probable cause, that the executing officers could not reasonably presume it to be valid.

In sum, the Court concludes that even if probable cause to support the issuance of the warrant had not been established, a position discredited above, see supra Part III.B, the evidence discovered as a result of the execution of the contested search warrant would be admissible under the good faith exception to the exclusionary rule set forth in Leon.

### IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendant's motion to suppress be **DENIED** without an evidentiary hearing.  (Doc. no. 70.)

SO REPORTED and RECOMMENDED this 20th day of March, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA